Rukiqi v. Atty Gen 177. Next, the question was, which counsel was representing Rukiqi? Timothy Grill was representing. When his honor, the immigration judge, asked him, do you concede that the one-year bar has been passed? Yes. Are there any extraordinary circumstances? No, your Honor, I will please disagree that that's what the record reflects. And so as we move on, there was an appeal made to the board at this time, and no mention of ineffective assistance of counsel was made. Counselor, I need to interrupt you because at 182, there So, I mean, I think that's an important point. Go ahead. The, as he appealed to the board, no ineffective assistance of counsel issue was made. And from that board decision, no petition for review was filed with this court. The reason I'm giving you this background is because the government's contention is twofold here, that the court lacks jurisdiction to review any asylum application that has been filed, the denial of one that's been filed subsequent to one year. Generally, the court has jurisdiction to review denials of asylum application, but under this court's own precedent in the Tarawali case, the court doesn't have Does the Tarawali accept constitutional arguments? Leaving aside for the moment the I think you're making, I'm not sure, that this wasn't raised to the BIA, but certainly it's being raised to us that this is a constitutional issue. Doesn't the decision you're citing tell us that we do have the ability to review a claim of a constitutional violation? It does, but I would disagree. There was no constitutional question presented to the board, and the sole issue here is the motion to reopen. That's the only petition for review of substance before this court is the motion to reopen, the denial of which by the board. There were no constitutional questions raised to the board regarding this ineffective assistance of counsel. Okay, to respond, if you would, to the argument that you just heard your opposing counsel make that implicit in an ineffective assistance of counsel claim is a due process claim. I mean, is that right or not? That's not correct. Counsel is making a factual challenge here as to whether or not ineffective assistance of counsel was established, whether the elements were established through Lizada to create an exception to the filing of the missing the one-year bar for the asylum application. The factual questions here are, were the elements satisfied? Was a retainer agreement submitted? That's one of the elements. There's no record evidence that any retainer agreement was ever submitted for any of the attorneys involved in this case. Then you have the other two elements, but that's the crux of this matter, and that's a factual question. If counsel has conceded that no retainer agreement was ever satisfied here. So let me make sure I've got it right. The argument is that because Mr. Kiki didn't, whether he knew enough to know who was standing up purporting to represent him or not, he's bound by the regulations that set forth how to raise an ineffective assistance of counsel claim. And then failing compliance with those regulations, he cannot raise an ineffective assistance of counsel claim. Is that what you're saying? I'm trying to understand, so please correct me if I'm misunderstanding, but is that the direction of your argument? What I'm saying is that here you have a jurisdictional issue as far as the asylum bar and a failure to exhaust. You have two different, two different jurisdictional issues here. And count petitioner was seeking to buy bypass, have an exception of extraordinary circumstances to the one year bar because he was represented by an effective assistance of counsel case law matter of Lazada. And this court has found that you need to satisfy the elements to make out, to satisfy that ineffective assistance of counsel. And the elements are such that they have to be satisfied and at least supply that evidence to the board. Okay, so this is the factual circumstance we're presented with here, at least by Mr. Kiki's recounting of it. He paid somebody to come to court for him. The person lied and didn't show up. When he went to court, thinking that the person he paid was going to be there, somebody else was there. In ignorance, not speaking English, somebody was there, stood up and said things he didn't understand and his case was thrown out. It's only after that that he understands, wait a second, they took my money, they lied to me and I've got nothing. If I'm understanding your position, it is, we're bound by case law and regulation that says unless you can point to a retainer agreement with Ms. Flanagan, you have no basis for saying ineffective assistance of counsel. Even if we accepted everything that Rukiki said as being 100% accurate and true, we would be bound to say you don't have an ineffective assistance of counsel claim. You don't have a due process claim. Is that right? He's bound by the case law. If this court finds that it has jurisdiction to hear this issue, then he's required by case law and there's a lack of due diligence here. There Are those discretionary? Are the regulations discretionary? That is that the BIA in the Pogre case could say, well, you know what? You don't have to meet those regs. This is so egregious that we agree it's ineffective. There has to be some showing of the elements and then they can decide whether he's met the elements. So without somebody walking in with the retainer agreement, you could never make your case or if he could present evidence that of some sort of a retainer case. How about that? They showed up in court and purported to represent him. Is that evidence that that is evidence? But here, the attorney that he's seeking that he claims an effective assistance of counsel, Martin Village. There's no evidence that he appeared in court. There's no evidence of any agreement. There's no evidence of that. That's curious when you say there's no evidence of that. Doesn't Mr. Village's signature appear on the application? It does appear on the application. Isn't that evidence? That is some evidence, but there's no evidence of a retainer agreement and what in fact Mr. Village was supposed to do. What was the agreement as to what he was going to do? Was he paid as to what he was going to do? Do you care whether he was paid or not? I mean, the fact that he signed the application, doesn't, isn't that enough to tell the government that he was purporting to represent Mr. Rekiki? I mean, does the government really care whether Mr. Village got money? That is the, that's the law under matter of Lazada and those are the elements. Here you have someone, if, if the petitioner was really executing due diligence, then he could have moved and hired other attorneys. There were attorneys in the court. Well, wait a second. At this point, just play the thought experiment with me. Assume that I'm for the sake of discussion that I believe Rekiki and he says, I hired the guy when I got there, two months after I got here. I called him. He said it was being done. He said it was being done. There's in the record a document bearing the date June 29, 2000 with Village's signature and Rekiki's. So he says, I did what I thought I was supposed to do. They told me it was going to be filed. When I hadn't heard anything from the government, I called them. They said, so it's done, it's done, it's done. And then two days before the year was up, they said, oh, come back and sign it. We have to resubmit. So I did. And then they said it was going to be done. And I missed it by three days because they still didn't do it. So assume that that were accepted as gospel. Under those circumstances, is the government's position that there wasn't an attorney-client relationship between Village and Rekiki and that Rekiki should have known that Village was lying to him throughout? It is the government's position that the petitioner has not established the elements under matter This is Judge Aldison. I know that time is running on this, but I want to ask one question. In the record that I have, I haven't because, you know, we kept down to one thing. What we have here is a question of a review of a denial of a motion to reopen. I want to keep the eye on the ball there. I have in the record a motion to reopen signed by Ms. Supplementing the motion, a brief to the Board of Immigration Appeals supporting the motion to reopen. And if so, is it in the record? Your Honor, I didn't I didn't see a brief. I saw the motion to reopen with attachments that were filed. All right. That's my understanding. All right. Thank you. Thank you, Your Honor. It is the government's position, as I said, that this court lacks jurisdiction to review this under 208A3. And it's found under the Tara Wally case that the court is clearly deprived of jurisdiction to review and in all determinations that an asylum application was not filed within the one year time limit and that such period was not told by extraordinary circumstances. Secondly, the government contends that the petitioner fell to exhaust. He fell to exhaust by raising the issues before the immigration judge who asked, specifically asked, failed by raising it to the board the first time, did not file a petition for review. And lastly, in the alternative, if this court finds that it has jurisdiction, the board did not abuse its discretion. Petitioner has not established an abuse of discretion in this in this case because the petitioner has not met the manner Lizada elements of ineffective assistance of counsel. Thank you. Thank you. Ms. Altash. Thank you, Your Honor. First of all, there's no requirement in immigration law to have a retainer agreement. And it's absolutely nowhere in Lizada that a retainer agreement has to be shown. What's required is that the individual explain the scope of the retention of the attorney. And he said, Mr. Wiki, he said, I wanted him to file my application for asylum and pursue it. And furthermore, I also wanted to point out since this came up, that the Third Circuit itself has warned that, and I'm quoting, inherent dangers in applying a formulatic interpretation of Lizada. That's the case of Lou, whose site I have. I'll give it to you in a second. Furthermore, at least one circuit case had said that the if the BIA had a problem with the fulfillment of the Lizada, that the case had to be remanded. Excuse me, did you have a site? Yes, that's a First Circuit case. Saki, B-I-N-S, 252 F 3rd, 21. Ms. Altash, you presented with a unique and difficult fact pattern here when Mr. Rukiki came to you and told you what had happened. You filed a motion to reopen that to my mind is artful because of the difficulties and the fact that you probably couldn't fulfill Lizada. But it went to the BIA for them to consider, and it does not contain an allegation of ineffective assistance of counsel, does it? It does. Could you point to me where? The whole motion is based on ineffective assistance of counsel and attached to the motion. Well, the whole motion, you recount facts here. You recount he sought assistance, he retained later say he filed a complaint about his representation. But you do not contend. And the last paragraph is he has a case to present. He was himself arrested and beaten, subjected to threats, forced to flee. He has a claim to present, and he was unable to present it. But I don't see in it a clear statement that what you are contending is that his contention is you have a motion to reopen based upon ineffective assistance, and they should not construe Lizada strictly. I don't necessarily think they have to construe Lizada strictly, but part of that motion was a complaint about Ruai, and the BIA understood it to be a Lizada motion because its denial was based purely on Lizada. Do you have a response, Ms. Oltars, to the argument that you just didn't make before the board the arguments that you're making before this I think that's part of what he's saying here is this argument, this due process argument is sort of springing forth at the appellate level, and the BIA didn't get a full crack at it. What's your response to that? I don't believe that to be the case. Because? Although unfortunately in the immigration field, the incompetence of counsel is not so unusual, and it's something that's pretty... Well, I'm sorry, my question wasn't intended to elicit a general description of the immigration bar. It was to get you to point, if you would, to the record we've got in front of us to say, yeah, I, Ms. Oltars, did talk about due process, if not in those words, in effect, in the following spots in this record. I did. In the motion to reopen, I talk about the ineffective assistance of counsel. I explain the type of retainer. I supplied a letter to the disciplinary committee, and my client fulfilled the requirements of Rukiki, I mean, excuse me, of Lozada in there. In essence, the BIA decided that he continued to use the attorneys at his hearing on appeal. The attorney at the hearing conceded the untimeliness, and the circumstances undermined his ineffective assistance. The board didn't really get to Lozada as such. Well, from my understanding, the board, similar to the arguments made here, is that we didn't make a complaint against each and every attorney, and therefore, because the complaints weren't made against each and every attorney, Lozada is not required. And this client clearly wasn't trying to get around the rules. He was just trying to have a fair hearing. I think we understand that. Judge Aldersert, anything further? Nothing further. Thank you, Ms. Oltars. Thank you. It's been an honor. Thank you. I would like to take a five-minute break now. Judge Aldersert, is that okay with you? Yes. All right. We'll take a five-minute recess and then come back with our other three cases. Thank you. Ms. Rice, this court stands at recess. Judge Aldersert? Yes. All right. We're going to proceed with our third case, United States v. Gregory Ladner. Thank you.